470 So.2d 103 (1985)
Donna Harris GRIFFIN, a/k/a Donna Griffin Harris, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1902.
District Court of Appeal of Florida, Second District.
June 7, 1985.
James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant pled nolo contendere to charges of armed kidnapping and armed robbery. The presumptive sentence under the sentencing guidelines was between nine and twelve years. The trial judge, however, departed from the guidelines and sentenced defendant to concurrent terms of thirty years with credit for time served. On this appeal defendant challenges those sentences, contending the trial court erred in departing from the presumptive sentence.
In departing from the guidelines, the trial judge cited several valid reasons, including *104 the severe psychological and physical impact of the episode on the victim. The record amply supports this reason for departure. In addition, the trial judge mentioned some reasons which appear to be of questionable validity as a basis for departure.
This court has held that psychological trauma inflicted on a victim is in itself a valid reason for departure. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). Furthermore, we have said that even one clear and convincing reason is sufficient to uphold a trial court's departure from the guidelines. Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985); Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985); Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984).
Defendant urges us to remand this case to the trial judge for reconsideration because some of the reasons for departure are not valid. We decline this invitation; however, we certify to the supreme court as a question of great public importance the following question which we previously certified in Brinson v. State, 463 So.2d 564 (Fla. 2d DCA 1985):
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
Affirmed.
RYDER, C.J., and GRIMES, J., concur.