474 So.2d 846 (1985)
Michael Angelo AGATONE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2282.
District Court of Appeal of Florida, Second District.
August 7, 1985.
Rehearing Denied August 28, 1985.
*847 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The trial court departed from the sentencing guidelines when it sentenced appellant for first-degree arson. The trial judge based the departure on two grounds: (1) that appellant was a devious person who committed perjury before the court and (2) that appellant committed several violent crimes in the past and thus posed a danger to the community. On appeal appellant challenges the validity of these grounds.
We agree with appellant that the first ground is not a valid reason for aggravating the sentence, especially considering that appellant was never convicted of perjury. Sloan v. State, 472 So.2d 488, (Fla. 2d DCA 1985). However, we think the court's reference to appellant's past violent crimes constituted a sufficient basis for the determination that appellant was a danger to the community. This same reasoning provided sufficient justification for exceeding the presumptive guideline sentence.
This court has held that even one clear and convincing reason is sufficient to uphold a trial court's departure from the guidelines. Griffin v. State, 470 So.2d 103 (Fla. 2d DCA 1985); Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985); Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985); Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984). We therefore affirm appellant's sentence, but in accordance with our prior decisions in Griffin and Brinson v. State, 463 So.2d 564 (Fla. 2d DCA 1985), we recertify to the supreme court the following question as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN REACHING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
Affirmed.
RYDER, C.J., and SCHEB, J., concur.