479 So.2d 739 (1985)
Donna Harris GRIFFIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 67224.
Supreme Court of Florida.
December 5, 1985.
James Marion Moorman, Public Defender and Michael E. Raiden, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen. and Candace M. Sunderland, Asst. Atty. Gen., Tampa, for respondent.
ADKINS, Justice.
We have for review Griffin v. State, 470 So.2d 103, 104 (Fla. 2d DCA 1985), in which the district court certified the following as a question of great public importance:
When an appellate court finds that a sentencing court relied upon a reason or reasons that are impermissible under Florida Rule of Criminal Procedure 3.701 in making its decision to depart from the sentencing guidelines should the appellate court examine the other reasons given by the sentencing court to determine if those reasons justify a departure from the guidelines or should the case be remanded for a resentencing?
Id. at 104. We have jurisdiction. Art. V, § 3(B)(4), Fla. Const. We have answered this identical question in both State v. Young, 476 So.2d 161 (Fla. 1985), and Brinson v. State, 476 So.2d 162 (Fla. 1985), in which we held that "when a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be reversed and remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reason(s) would not have affected the departure sentence." See also Albritton v. State, 476 So.2d 158 (Fla. 1985).
In the case at bar, the district court affirmed the departure sentence despite finding that "some reasons appear to be of questionable validity as a basis for departure."
Accordingly, we quash the decision and remand to the district court for further remand to the trial court for resentencing.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.