EHRLICH, Justice.
We have for review Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985) in which the district court certified the following question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.071 IN REACHING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
Id. at 847. We have jurisdiction, article V, section 3(b)(4), Florida Constitution. We have answered this question previously in Griffin v. State, 479 So.2d 739 (Fla.1985), State v. Young, 476 So.2d 161 (Fla.1985), and Brinson v. State, 476 So.2d 162 (Fla.1985) in which we held that when a departure sentence is based on both permissible and impermissible reasons, “the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.” Albritton v. State, 476 So.2d 158, 160 (Fla.1985).
In the case sub judice the district court affirmed the departure sentence despite finding that one of the reasons for departure, “that appellant was a devious person who committed perjury before the court,” was an invalid reason, especially given the fact that appellant was never charged with peijury.
Accordingly, we quash the decision and remand to the district court for further remand to the trial court for resentencing.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, MCDONALD, SHAW and BARKETT, JJ., concur.