517 So.2d 669 (1987)
Donna Harris GRIFFIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 67224.
Supreme Court of Florida.
December 10, 1987.
*670 Lawrence D. Shearer and Daphne Boswell, Bartow, for petitioner.
Candance M. Sunderland, Tampa, for respondent.

ORDER ENFORCING MANDATE
PER CURIAM.
In this cause this Court did review Griffin v. State, 470 So.2d 103 (Fla. 2d DCA 1985), in which the District Court certified a question of great public importance. In our opinion dated December 5, 1985, Griffin v. State, 479 So.2d 739 (Fla. 1985), we answered the certified question, holding that a departure sentence grounded on both permissible and impermissible reasons must be reversed and the defendant resentenced unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reason(s) would not have affected the departure sentence. Accordingly, we quashed the district court's decision with directions that the district court remand to the trial court for resentencing.
On remand, it appears that the trial court merely issued in chambers an order confirming that the departure sentence would have been imposed upon the Petitioner based solely on the valid written reasons. The trial judge did not interpret this Court's opinion as requiring a resentencing hearing and, therefore, a hearing was not held and neither Petitioner nor Petitioner's counsel was present or otherwise allowed to be heard.
This Court specifically directed a resentencing in this cause rather than directing the trial court to merely affirm that it would have imposed the same sentence absent the impermissible reasons. By resentencing we mean a full sentencing proceeding which necessarily includes the presence of the defendant and his or her attorney. The pronouncement of sentence upon a criminal defendant is a critical stage of the proceedings to which all due process guarantees attach whether the sentence is the immediate result of adjudication of guilt or, as here, the sentence is the result of an order directing the trial court to resentence the defendant. See State v. Scott, 439 So.2d 219 (Fla. 1983). The presence of the defendant is as necessary at resentencing as it was at the time of the original sentence so that the defendant has the opportunity to submit evidence relevant to the sentence if warranted unless otherwise ordered by this Court.
Pursuant to the power of this Court to enforce its mandate, the trial court's order, dated February 12, 1986, is hereby vacated and the trial judge is directed to hold a resentencing proceeding consistent with this order.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.