PATTERSON, Judge.
Williams raises five points on appeal in this challenge te .lis convictions for burglary and possession of cocaine. We determine the first three points to be without merit and affirm the convictions. The last two points relate to sentencing — one point has merit, and the other is rendered moot by our decision.
The state charged Williams in a four-count information in Case No. CF89-4901A1 with burglary, petit theft, possession of drug paraphernalia, and possession of cocaine. In a separate information in Case No. CF90-0337A1, the state charged him with felony petit theft. In Case No. CF89-4901A1, Williams entered pleas of guilty to the two misdemeanors, petit theft and possession of paraphernalia, and subsequently a jury found him guilty of the felony offenses of burglary and possession of cocaine. In Case No. CF90-0337A1, he entered a guilty plea to felony petit theft under a plea agreement that required a concurrent sentence to the sentences to be imposed in Case No. CF89-4901A1. At the sentencing hearing held on June 15, 1990, the court sentenced Williams as follows:
CASE NO. CF89-4901A1
Burglary (habitualized) — ten years with minimum mandatory of five years
Possession of cocaine — ten years concurrent to burglary
Petit theft — time served
Possession of drug paraphernalia — time served
*1112 CASE NO. CF90-0337A1
Felony petit theft (habitualized) — five years with five-year minimum mandatory consecutive to Case No. CF89-4901A1
The consecutive sentence in Case No. CF90-0337A1 was contrary to the plea agreement, and on June 19, 1990, the court vacated the sentence in Case No. CF90-0337A1 and in Case No. CF89-4901A1. The court then resentenced Williams as follows:
CASE NO. CF89-4901A1
Burglary — not resentenced
Possession of cocaine — five years consecutive to burglary sentence
CASE NO. CF90-0337A1
Felony petit theft (not habitualized) five years concurrent with Case No. CF89-4901A1
At the time the court vacated the consecutive sentence of felony petit theft, Williams had begun to serve the sentence for possession of cocaine. By increasing the sentence for possession of cocaine to a consecutive sentence, the trial court apparently attempted to compensate for its misunderstanding of the status of the two cases. This was error. Once a defendant begins serving his sentence, the trial court has no authority to resentence him to a longer term of imprisonment. Williams v. State, 553 So.2d 729 (Fla. 2d DCA 1989).
We therefore vacate the sentence for possession of cocaine and reinstate the original sentence on that charge.
DANAHY, A.C.J., and PARKER, J., concur.