609 So.2d 651 (1992)
STATE of Florida, Petitioner,
v.
Kenneth Ray ARDUENGO, Respondent.
No. 92-02864.
District Court of Appeal of Florida, Second District.
October 14, 1992.
Rehearing Denied December 15, 1992.
*652 Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for petitioner.
Victor D. Martinez of Martinez and Kessler, Tampa, for respondent.
PER CURIAM.
The State of Florida, in an effort to obtain review of a nonfinal order of the circuit court vacating a sentence imposed in 1983, invokes this court's "all writs" jurisdiction. See Art. V, § 4(b)(3), Fla. Const. Because the petition alleges that the circuit court is acting in excess of its jurisdiction, we treat the state's pleading as a petition for writ of certiorari. See State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990); State v. Cox, 399 So.2d 1067 (Fla. 2d DCA 1981), approved, 412 So.2d 354 (Fla. 1982). We further find that the state's position is welltaken, and grant the petition.
In 1983 respondent Kenneth Arduengo was sentenced to two consecutive 99-year sentences for armed burglary and armed robbery. The court retained jurisdiction over half of each term pursuant to section 947.16(3), Florida Statutes (1982). Since that time there have been several appeals and collateral proceedings. For purposes of the present action, the most significant round of litigation began in 1985 with a motion for postconviction relief. Among the arguments made by Arduengo in that motion was a claim that the trial court incorrectly retained jurisdiction over one-half of the sentence rather than one-third. The trial court appears to have agreed with Arduengo on this question and, rather than reduce the retention period, deleted any reference to section 947.16(3).[1]
Unfortunately, an error occurred during the course of this hearing which apparently escaped notice at the time and which only served to generate further problems, including the present petition. At one point in the proceedings Arduengo's attorney mistakenly told the court that Arduengo's sentences were life in duration. For reasons not clear from the record, the trial court "resentenced" Arduengo to life plus 99 years.[2] Also inexplicably, amended written sentence forms reflected, first, concurrent sentences of 99 years each, then, after further amendment, the trial court's oral pronouncement of life-plus-99 years. This led to another postconviction motion, filed in 1988, wherein Arduengo attacked the competency of the attorney who had represented him on the prior motion. This time the trial court agreed to substitute the sentence Arduengo originally had sought  consecutive 99-year sentences with jurisdiction retained over one-third. However, Arduengo maintained his right to a de novo sentencing hearing, at which time he could elect to be sentenced under guidelines. The trial court disagreed, and we affirmed without opinion. Arduengo v. State, 562 So.2d 350 (Fla. 2d DCA 1990).
In 1990 Arduengo tried once more to obtain a guideline sentence. Finally, in the motion presently before the trial court, Arduengo argued that all sentences imposed after 1983 are "null and void" because he was not present for any of the collateral court proceedings. See, e.g., Griffin v. *653 State, 517 So.2d 669 (Fla. 1987). The trial court has now indicated, in its written order granting Arduengo's most recent motion, that it will conduct a de novo hearing and resentence Arduengo according to guidelines.
We agree with the state that Griffin does not control the present case. Griffin requires the defendant's presence at "resentencing." What occurred  or should have occurred  in this case was not "resentencing." but merely a technical correction leaving intact the overall term of years. Revision or deletion of the ancillary provision retaining jurisdiction to deny parole was essentially a ministerial function, and the presence of the defendant was not essential to perform that function. See, e.g., Diaz v. State, 563 So.2d 199 (Fla. 3d DCA 1990). Moreover, the issue of Arduengo's entitlement to full resentencing under guidelines has been raised in a previous appeal and decided against him. In that appeal the state contended, as it does now, that no "resentencing" occurred. The precise question of Arduengo's right to be present was not, but could have been, argued at that time. Our prior holding, therefore, established the "law of the case." Wroton v. Wash-Bowl, Inc., 456 So.2d 967 (Fla. 2d DCA 1984).[3]
Harsh as they may seem to Arduengo, the original 99-year sentences are not illegal per se in that they do not exceed the statutory maximum. Having failed to present, now or in the past, any valid reason to reduce the sentence itself, Arduengo is not entitled to postconviction relief. The petition for writ of certiorari is granted, the circuit court order under review is quashed, and this case is remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER and FRANK, JJ., concur.
NOTES
[1] Other issues were raised in the same motion but were decided adversely to Arduengo. On appeal this court affirmed without opinion. Arduengo v. State, 497 So.2d 1220 (Fla. 2d DCA 1986).
[2] Arduengo correctly argues that the court cannot increase a lawful sentence once defendant has begun service. See, e.g., Williams v. State, 591 So.2d 1111 (Fla. 2d DCA 1992). He implies that the trial court, when "correcting" the sentence to life-plus-99 years, was deliberately attempting to circumvent this rule. However, it is clear from the record that the court  abetted by Arduengo's own attorney  was only laboring under a misconception as to the length of Arduengo's sentence. Even if Arduengo were correct, however, the proper remedy would have been to vacate the unlawfully enhanced sentence and reinstate the previous, lawful sentence. In effect this is what the trial court did following Arduengo's 1988 motion.
[3] We take judicial notice of our own records. See Department of Legal Affairs v. District Court of Appeal, Fifth District (Fla. 1983).