PER CURIAM.
Peter B. Dolinger appeals the denial of his motion for postconviction relief. He raises two grounds, one of which requires reversal. First, he claims that the court erred by conducting a resentencing hearing to correct a sentencing error without allowing him to be present. We agree. See Griffin v. State, 517 So.2d 669 (Fla.1987) and State v. Scott, 439 So.2d 219 (Fla.1983).
Dolinger’s second claim is without merit but warrants discussion. Dolinger was convicted of count one, obtaining possession of a controlled substance by fraud[1] and *32 count two, possession of a controlled substance.[2] He claims that count two is a necessarily included offense of count one and, therefore, his dual conviction is barred by double jeopardy. We disagree, and affirm denial of relief on this point because each offense, as defined by its applicable statute, includes an element that the other does not. The charge of obtaining possession of a controlled substance by fraud includes the element of misrepresentation, fraud, forgery, deception or subterfuge. The charge of possession of a controlled substance does not. Likewise, the charge of possession of a controlled substance includes the element of actual or constructive possession. The fraud charge does not in that the State need only prove an attempt to possess. Thus, they are separate offenses for which separate convictions and sentences may be imposed. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. McCloud, 577 So.2d 939 (Fla.1991); see also section 775.021, Florida Statutes (1991).
Accordingly, we affirm the denial of relief as to the double jeopardy claim but reverse and remand for resentencing.
THREADGILL, A.C.J., and FULMER and WHATLEY, JJ., concur.

. Section 893.13(3)(a)(l) provides that it is unlawful for any person to "acquire or obtain, or attempt to acquire or obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.”

. Section 893.13(l)(f) provides, in pertinent part, that it is unlawful for any person to “be in actual or constructive possession of a controlled substance."