745 So.2d 341 (1999)
William Lee TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2166.
District Court of Appeal of Florida, Third District.
June 16, 1999.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert Butterworth, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.
Before JORGENSON, GERSTEN and SORONDO, JJ.

CONFESSION OF ERROR
PER CURIAM.
As pertinent to this appeal, William Lee Taylor, defendant, was convicted of kidnaping *342 as charged in Count II of the Information filed against him by the State of Florida. He was originally sentenced to serve one hundred thirty four (134) years in the State prison for this crime. In Taylor v. State, 701 So.2d 1215 (Fla. 3d DCA 1997), this Court reversed that sentence because the crime had been committed after October 1, 1983, and the trial court was therefore limited in sentencing the defendant to life imprisonment or a term of imprisonment not exceeding forty (40) years. See § 775.082(3)(a), Fla. Stat. (1983). This Court reversed and remanded with instructions to re-sentence the defendant.
Upon remand the trial court sentenced the defendant to life imprisonment without appointing counsel to represent him at sentencing and without the defendant present. This was error. In Griffin v. State, 517 So.2d 669 (Fla.1987), the Supreme Court of Florida established the following requirements where the defendant's original sentence is vacated and the defendant is to be re-sentenced.
By re-sentencing we mean a full sentencing proceeding which necessarily includes the presence of the defendant and his or her attorney. The pronouncement of sentence upon a criminal defendant is a critical state of the proceedings to which all due process guarantees attach whether the sentence is the immediate result of adjudication of guilt or, as here, the sentence is the result of an order directing the trial court to resentence the defendant. (citations omitted). The presence of the defendant is as necessary at re-sentencing as it was at the time of the original sentence so that the defendant has the opportunity to submit evidence relevant to the sentence if warranted unless otherwise ordered by this Court.
Id. at 670. The State concedes that Griffin requires that the sentence imposed by the trial court be reversed and that the matter be remanded for re-sentencing.
The life sentence imposed upon the defendant is accordingly vacated. This case is remanded to the trial court for re-sentencing. The lower court will appoint counsel to represent the defendant and ensure the defendant's presence at sentencing.
Reversed and remanded.