789 So.2d 430 (2001)
Paul A. INGRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2444.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
D. Todd Doss of D. Todd Doss, P.A., Fort Lauderdale, for appellant.
*431 Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's sentence and remand for resentencing. The state concedes that it was error to resentence appellant in absentia.
Appellant was originally sentenced to seventy-two months in prison with credit for 121 days served on one count of possession of cocaine with intent to sell while armed with a firearm and one count of possession of a firearm by a convicted felon. He moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(a), citing Heggs v. State, 759 So.2d 620 (Fla.2000). The court agreed that appellant was incorrectly sentenced under the invalid 1995 guidelines and determined that his case fell within the window of opportunity set forth in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), abrogated by Trapp v. State, 760 So.2d 924 (Fla. 2000). The court vacated appellant's sentence and re-sentenced him to seventy-one months, based on the 1994 guidelines' range of 42.75-71.25 months[1]. Before resentencing appellant, the trial court did not appoint counsel for him or hold a new sentencing hearing with appellant present. The court concluded that "[a] new sentencing hearing is not necessary to accomplish the relief sought by the defendant."
A criminal defendant has the right to be present at a re-sentencing that involves more than a ministerial act of sentence correction. See Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA 2001). Re-sentencing in this case involves more than a ministerial act because appellant's original sentence was above the sentence that could be imposed without departure under the 1994 guidelines. Id. We also note that an indigent defendant is entitled to appointment of counsel at sentencing. See State v. Scott, 439 So.2d 219, 221 (Fla. 1983); Taylor v. State, 745 So.2d 341, 342 (Fla. 3d DCA 1999)(citing Griffin v. State, 517 So.2d 669, 670 (Fla.1987)).
REVERSED and REMANDED for resentencing.
GUNTHER, FARMER and TAYLOR, JJ., concur.
NOTES
[1] On July 6, 2000, the trial court entered a subsequent Second Amended Sentence resentencing appellant to sixty-three months in prison. This sentence was not addressed by either of the parties.