PER CURIAM.
Based upon the State’s proper confession of error, we vacate defendant’s amended sentence in case number 96-13156 and remand for resentencing. When the trial court resentenced defendant in August 2000 pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), it committed fundamental error in entering the amended sentence in defendant’s absence and without holding a sentencing hearing, as the resentencing required more than a ministerial act. See Ingram v. State, 789 So.2d 430 (Fla. 4th DCA 2001) (holding that where defendant’s original sentence was above sentence that could be imposed without departure under 1994 guidelines, resentencing that involved more than ministerial act was required); Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA 2001)(holding that resentencing defendant in absentia and without holding hearing amounts to fundamental error when resen- *639 tencing requires more than ministerial act).
Reversed and remanded for further proceedings consistent with this opinion.