GROSS, J.
After a jury trial, appellant was convicted of attempted second degree murder and shooting into an occupied vehicle. He was sentenced to 10 years in prison, with credit for 408 days served. On August 25, 1999, this court affirmed the conviction and sentence at Davis v. State, 743 So.2d 526 (Fla. 4th DCA 1999).
On March 14, 2000, appellant moved to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The state conceded that appellant’s re-sentencing under the 1994 sentencing guidelines was required by Heggs v. State, 759 So.2d 620 (Fla.2000). Without holding a hearing at which appellant or his counsel was present, the trial court entered an amended sentence on August 10, 2000, vacating the previous sentence and sentencing appellant to 9.71 years in prison. On September 7, appellant filed a motion to correct sentence and an objection to the amended sentence, arguing that it had been entered without a hearing and outside the presence of appellant and his counsel. The circuit court denied the motion.
Florida Rule of Criminal Procedure 3.180(a)(9) “mandates that criminal defendants be present ‘[a]t the pronouncement of judgment and the imposition of sentence,’ thus recognizing that sentencing is a crucial stage of a criminal trial.” Capuzzo v. State, 596 So.2d 438, 439 (Fla.1992). An exception is made in re-sentencing cases where all that is required on remand is a ministerial act of sentence correction. See Dougherty v. State, 785 So.2d 1221, 1223 (Fla. 4th DCA 2001). A separate legal requirement is that “a criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him.” Wilson v. State, 764 So.2d 813, 816 (Fla. 4th DCA 2000). Sentencing is one critical stage of a criminal proceeding at which a defendant is entitled to counsel. Id.
Appellant’s re-sentencing under Heggs was a critical stage of the proceedings involving more than a ministerial act. See Ingram v. State, 789 So.2d 430, 431 (Fla. 4th DCA 2001). In Ingram, the defendant was originally sentenced to 72 months in prison, with credit for time served. As in *338 this case, the defendant moved to correct his sentence under Heggs. Since the defendant had been sentenced under the invalid 1995 guidelines, the trial court vacated the sentence and re-sentenced him to 71 months, based on the 1994 guidelines. Before the re-sentencing, the court did not appoint counsel for the defendant or hold a new sentencing hearing at which the defendant was present.
This court reversed the sentence in Ingram. Observing that the defendant was entitled to appointed counsel at sentencing, we held that the defendant had a right to be present at re-sentencing, as it involved “more than a ministerial act because [the defendant’s] original sentence was above the sentence that could be imposed without departure under the 1994 guidelines.” Id. at 431. This case is controlled by Ingram.
Reversed and remanded for a new re-sentencing hearing.
GUNTHER and WARNER, JJ., concur.