820 So.2d 1052 (2002)
Keith Lamar SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-284.
District Court of Appeal of Florida, Third District.
July 10, 2002.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before GERSTEN, GREEN and SORONDO, JJ.
PER CURIAM.
Keith Lamar Smith, defendant, appeals his re-sentencing for the crimes of Attempted Robbery and Aggravated Battery. We reverse.
Both sides agree that the following facts are accurate. The State of Florida filed an information charging defendant with Attempted Robbery and Aggravated Battery. After conviction, the defendant was adjudicated a violent habitual offender and sentenced to thirty-years incarceration on the Attempted Robbery and forty-years on the Aggravated Battery.
A motion to correct illegal sentence was filed on October 12, 2000, alleging that at the time defendant's offense was committed the violent habitual offender statute was unconstitutional. On January 23, 2001, the trial court granted defendant's Motion to Correct Illegal Sentence and, without defendant being present or represented by counsel, re-sentenced defendant as an habitual offender to thirty-years on the Aggravated Battery and ten-years on the Attempted Robbery.
Pursuant to defendant's pro se appeal, this court reversed defendant's sentence since neither defendant nor counsel were present at the re-sentencing. See Smith v. State, 791 So.2d 1253 (Fla. 3d DCA 2001). On October 31, 2001, defendant appeared in court for re-sentencing. Over defendant's objection, and without appointing counsel, the court re-sentenced defendant to thirty-years as an habitual offender on the Aggravated Battery and ten-years on the Attempted Robbery. The court ultimately appointed the Public Defender's office to represent the defendant on appeal.
The State correctly concedes that re-sentencing the defendant without the benefit of counsel was error. See Barcelo v. State, 774 So.2d 895 (Fla. 4th DCA 2001); Taylor v. State, 745 So.2d 341 (Fla. 3d DCA 1999). Accordingly, we remand this case for re-sentencing, at which time the defendant will be present and represented by the Public Defender.
Reversed and remanded.