837 So.2d 1146 (2003)
Keith BINES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3779.
District Court of Appeal of Florida, First District.
February 21, 2003.
Nancy A. Daniels, Public Defender; and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
This case number was assigned to three separate notices of appeal filed by Appellant. The first was on an order denying a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm that order without further comment. The second was on an order granting a motion to correct sentencing error filed pursuant to rule *1147 3.800(a). The third was directed toward the resentencing that stemmed from the granting of that rule 3.800(a) motion. These latter notices of appeal were redesignated by this Court as a direct appeal from the resentencing. See King v. State, 795 So.2d 1086 (Fla. 1st DCA 2001). On this direct appeal, Appellant is entitled to relief.
Appellant was resentenced because he correctly alleged in his rule 3.800(a) motion that he should not have been habitualized on his conviction, which was for a life felony with an offense date between October 1, 1995, and May 24, 1997. See Green v. State, 810 So.2d 1101 (Fla. 1st DCA 2002). He appeals the resentencing because, he alleges, he was neither present nor represented by counsel at the resentencing. His claim has merit.
A defendant has a right to be present at resentencing from a rule 3.800(a) motion. Roy v. State, 711 So.2d 1348 (Fla. 1st DCA 1998). A defendant also has the right to be represented by counsel at resentencing under a meritorious rule 3.800(a) motion. McDonald v. State, 679 So.2d 1273 (Fla. 1st DCA 1996). Here, Appellant alleges that he was denied these rights, and the record does not refute his allegations. In fact, the record supports his allegations, in that the trial court's order on the rule 3.800(a) motion states that "[t]he Clerk of this Court shall do an Amended/Corrected Judgment and Sentencing Order consistent with [the trial court's findings]," and that "[t]he Clerk shall send a certified copy of the Amended/Corrected Judgment and Sentencing Order to the Department of Corrections." Thus, the trial court erred, the new sentence must be vacated, and Appellant must be resentenced at a hearing where he is present and is represented by counsel.
Appellant's offense date of May 4, 1997, also falls within the window period for claims under Heggs v. State, 759 So.2d 620 (Fla.2000), which declared the 1995 sentencing guidelines unconstitutional. See Trapp v. State, 760 So.2d 924 (Fla.2000). Therefore, on remand, Appellant should be sentenced under the 1994 sentencing guidelines.
Accordingly, we AFFIRM the order denying Appellant's rule 3.850 motion, and AFFIRM the order granting the rule 3.800(a) motion to the extent that it strikes Appellant's habitual violent felony offender designation, but REVERSE the order on the rule 3.800(a) motion to the extent that it orders resentencing without the presence of Appellant or his counsel, and REMAND for resentencing under the 1994 guidelines in the presence of Appellant and his counsel.
DAVIS and POLSTON, JJ., concur.