876 So.2d 26 (2004)
Michael Shawn McGOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2503.
District Court of Appeal of Florida, First District.
May 18, 2004.
Nancy A. Daniels, Public Defender; and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
We treat this as an appeal from Appellant's resentencing under this Court's mandate. Appellant argues two issues that have merit, and we reverse.
First, Appellant argues that the trial court erred at resentencing because Appellant was not present or represented by counsel, and we agree. A defendant has the right to be present during resentencing from a meritorious rule 3.800(a) motion, and has the right to be represented by counsel at such a resentencing. See, e.g., Bines v. State, 837 So.2d 1146 (Fla. 1st DCA 2003). Appellant alleges that he was denied both of these rights, and the record is devoid of contrary evidence. Appellant's resentencing was more than a ministerial act, such as entering a written sentence where none exists, as in Williams v. State, 697 So.2d 584 (Fla. 4th DCA 1997), or changing the written sentence to conform with the oral pronouncement of sentence, as in Frost v. State, 769 So.2d 443 (Fla. 1st DCA 2000). See Dougherty v. State, 785 So.2d 1221, 1223 (Fla. 4th DCA 2001) (citing those two cases in support of the proposition that a defendant's *27 presence is not required when resentencing is merely a ministerial act). Accordingly, the trial court erred, the new sentence must be vacated, and Appellant must be resentenced at a hearing where he is both present and represented by counsel.
Second, Appellant is clearly entitled to resentencing as to his conviction under counts III and IV of the information because of the confusing amended sentencing documents, which do not appear to correct the error, and Appellee's concession of such point.
REVERSED AND REMANDED.
KAHN and WEBSTER, JJ., concur.