970 So.2d 376 (2007)
Larry D. MULLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1068.
District Court of Appeal of Florida, Third District.
October 24, 2007.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before RAMIREZ and SHEPHERD, JJ. and FLETCHER, Senior Judge.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellant Larry D. Mullins' motion for rehearing, we grant the motion for rehearing, withdraw this Court's July 19, 2006 opinion and substitute the following revised opinion in its stead.
Mullins appeals his sentence as illegal pursuant to Florida Rule of Criminal Procedure 3.800(a). We have jurisdiction. Fla. R.App. P. 9.140(b)(1)(D). Mullins was convicted of a single count of battery on a law enforcement officer, a third degree felony. § 784.07(2)(b), Fla. Stat. (2001) (reclassifying battery upon a law enforcement officer from a misdemeanor to a felony of the third degree). The trial court orally pronounced an enhanced sentence of fifteen years with a ten-year minimum mandatory as a violent career criminal pursuant to Section 775.084(4)(d)3, *377 Florida Statutes (2001), as well as a concurrent ten-year sentence as a habitual violent felony offender.[1] § 775.084(4)(b)3, Fla. Stat. (2001).
The sentencing order contains a provision for habitual felony offender and violent career criminal. However, the written sentence is unclear as to whether Mullins was only sentenced to fifteen years with a ten-year minimum mandatory pursuant to the violent career criminal enhancement to the underlying felony. Under the specification section of the violent career criminal offense, "10 years minimum mandatory" appears. Under the specification section of the habitual felony offender offense, "___" appears. This is a clear violation of Clines v. State, 912 So.2d 550 (Fla.2005), where the Florida Supreme Court stated that only one recidivist category may be applied to any given criminal sentence. The sentence as written was thus incorrect. Id. at 560.
We therefore reverse and remand to the trial court for resentencing with directions to correct the order as previously written, by deleting the habitual felony offender designation. This will make it clear that Mullins was only sentenced as a violent career criminal.
Reversed and remanded.
RAMIREZ, J. and FLETCHER, Senior Judge, concur.
SHEPHERD, J., concurring in part and dissenting in part.
I would deny appellant's motion for rehearing.
Defendant was charged with and convicted of a single count of battery on a law enforcement officer. He was sentenced to fifteen years in prison. Attached to the sentencing order is a second page entitled, "Special Provisions." The substance of this page reads:
By appropriate notation, the following provisions apply to the sentence imposed:
MANDATORY / MINIMUM PROVISIONS:

CATEGORY SPECIAL PROVISION DESCRIPTION SPECIFICATION
Felony Offender The defendant is adjudicated a habitual felony offender and has been ____
 sentenced to an extended term in accordance with the provisions of
 Florida Statute 775.084(4). A minimum term as specified above
 must be served prior to release. The requisite findings by the court
 are set forth in a separate order stated on the record in open court.
Felony Offender The defendant is adjudicated a violent career criminal and has been 10 YEARS MINIMUM
 sentenced to an extended term in accordance with the provisions of MANDATORY
 Florida Statute 775.084(4). A minimum term as specified above
 must be served prior to release. The requisite findings by the court
 are set forth in a separate order or stated on the record in open
 court.

Mullins' judgment and sentence were long ago affirmed by this court. Mullins v. State, 851 So.2d 907 (Fla. 3d DCA 2003).
The majority's concern arises from the first listed "Special Provision Description," which states, "defendant is adjudicated a habitual offender and has been sentenced *378 to an extended term," followed by six dashes. I cannot fathom how this designation places defendant at risk of any state mischief. I have never known the Florida Department of Corrections to utilize the power of the state to hold anyone in an incarcerative facility based upon a series of dashes. Nevertheless, with eyes apparently averted to the language of this provision, the majority worries that the sentence is "unclear." The worry is unwarranted. Defendant is not at risk of serving time under an "illegal sentence", nor is he entitled to any relief under Florida Rule of Criminal Procedure 3.800(a). At least three reasons compel this conclusion.
First, I believe the sentencing order under review can only be fairly read as providing a minimum mandatory term for the violent career criminal classification alone. Our original opinion notes that in its oral pronouncement, the trial court sentenced defendant to "an enhanced sentence of fifteen years with a ten-year minimum mandatory sentence as a violent career criminal pursuant to section 775.084(4)(d)3, Florida Statutes (2001), as well as a concurrent ten-year sentence as a habitual violent felony offender. § 775.084(4)(b)3, Fla. Stat. (2001)." Mullins v. State, 31 Fla. L. Weekly D1933, D1933 (Fla. 3d DCA July 19, 2006). As the majority recognizes in the opinion granting rehearing, this apparently occurred as a result of a misimpression by the trial court that defendant's habitual felony offender classification was an independent crime, rather than an enhancement. See supra p. ___ n. 1. The written sentence recognizes and corrects this error.
Second, the adjudication and other language found in the first "Special Provision Description" poses no threat to defendant should he re-offend. Defendant does qualify as a habitual felony offender under Florida's recidivism sentencing law. See § 775.084(1)(a), Fla. Stat. (2002). In fact, as explained in Clines v. State, 912 So.2d 550, 559 (Fla.2005), "anyone whose pattern of recidivism meets the stringent requirements for designation as a violent career criminal will also qualify for designation as a habitual felony offender." Compare § 775.084(1)(d)(violent career criminal), Fla. Stat. (2002), with § 775.084(1)(a), Fla. Stat. (2002)(habitual felony offender). Thus, "[the] designation as a violent career criminal renders superfluous any other designation." Clines, 912 So.2d at 559 (emphasis added). The "Special Provision Description" in which we find ourselves rapt out of concern for defendant is nothing more than a trial court statement of the obvious  and the truth at that!
Finally, an improper adjudication or classification alone is not correctable under Florida Rule of Criminal Procedure 3.800(a). Rule 3.800(a) exists for the narrow purpose of correcting illegal sentences. Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991)(en banc)("Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process."). The classification here was not accompanied by a sentence and therefore is not reviewable under 3.800(a). See Fla. R.Crim. P. 3.700(1)(defining a sentence as "the pronouncement by the court of the penalty imposed on a defendant for the offense of *379 which the defendant has been adjudged guilty."); Judge, 596 So.2d at 78 ("`Habitual offender' is merely a category or classification."). See also Clines, 912 So.2d at 553-555 (explaining the structure of section 775.084). In granting relief on rehearing to defendant in this case, the majority reads Clines too broadly. Clines deals solely with designations accompanied by sentences, and does not stand for the proposition that either a dual or improper designation alone is reversible. Rather, Clines prohibits applying more than one recidivist category in section 775.084, Florida Statutes to a single criminal sentence. Clines, 912 So.2d at 559 ("the mere existence of two mandatory categories does not evidence a legislative intent to allow multiple categories to be simultaneously applied")(emphasis added). Simultaneous application of more than one recidivist category did not occur in this case. Moreover, even if the first listed "Special Provision Description" somehow was erroneous  an argument not advanced or advanceable by defendant on this appeal  it would not qualify for repair under Rule 3.800(a) in this case.
For these reasons, I would adhere to our original opinion. Rule 3.800(a) is not a sentencing order editing rule.
NOTES
[1] It appears that the trial court in its oral sentence treated Mullins' habitual violent felony offender classification as an independent crime, rather than as an enhancement on any criminal charge, and therefore sentenced him twice for the same offense. We agree that the oral pronouncement was in error.