997 So.2d 443 (2008)
Larry D. MULLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1068.
District Court of Appeal of Florida, Third District.
December 3, 2008.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and SHEPHERD, JJ.

ON FURTHER MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellant Larry D. Mullins' motion for rehearing, we grant the motion.
*444 Mullins was charged and convicted of battery on a law enforcement officer. Mullins appealed to this Court his sentence as illegal pursuant to Florida Rule of Criminal Procedure 3.800(a), because the written sentencing order issued by the trial court was unclear. Under the specification section of the violent career criminal offense, "10 years minimum mandatory" appears. Under the specification section of the habitual felony offender offense "______" appears[1].
This is a clear violation of Clines v. State, 912 So.2d 550, 560 (Fla.2005), where the Florida Supreme Court stated that only one recidivist category may be applied to any given criminal sentence. Accordingly, this Court reversed and remanded to the trial court for resentencing with directions to correct the order as previously written by deleting the habitual felony offender designation, making it clear that Mullins was sentenced only as a violent career criminal.
Before the trial court could do so, the Florida Supreme Court released State v. Hearns, 961 So.2d 211 (Fla.2007), holding that the crime of battery on a law enforcement officer was not a forcible felony. Battery on a law enforcement officer could, therefore, not be used to enhance a sentence pursuant to the violent career criminal statute. Id. Mullins' crime no longer met the requirements of the violent career criminal designation this Court had instructed the trial court to impose in the October 24, 2007 opinion. This motion for rehearing resulted.
The State now requests that this Court remand Mullins' sentence with an order for the trial court to vacate the violent career criminal designation and sentence, and leave the remaining habitual felony offender sentence and designation intact. Mullins asserts that his sentence should be reversed and the case remanded to the lower court with directions to conduct a new sentencing hearing. We agree with Mullins, reverse, and remand.
Due to the convoluted nature of the original sentencing order, and in light of the decision in Hearns, to follow the State's recommendation would lead to an unclear result. If this Court were to strike the violent career criminal designation and leave the habitual offender designation intact, issues would remain unresolved. Because the trial court failed to provide any information under the habitual felony offender specification section of the sentencing report, the intent of the order is unclear. To achieve an unambiguous *445 and just result, Mullins must receive a new sentencing hearing.
A defendant will receive a new sentencing hearing if the resentencing involves additional consideration or sentencing discretion, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence. Griffin v. State, 517 So.2d 669 (Fla.1987); McGough v. State, 876 So.2d 26 (Fla. 1st DCA 2004). Although striking the violent career criminal designation is a ministerial act, here the entire fifteen year sentence must be vacated, and Mullins must be resentenced with an entire new written sentence. See Tumblin v. State, 965 So.2d 354 (Fla. 4th DCA 2007); State v. Arduengo, 609 So.2d 651 (Fla. 2d DCA 1992). This new written sentence will involve sentencing discretion, and as such, requires a new hearing.
Additionally:
[T]he pronouncement of sentence upon a criminal defendant is a critical stage of the proceedings to which all due process guarantees attach, whether the sentence is the immediate result of adjudication of guilt or, as here, the sentence is the result of an order directing the trial court to resentence the defendant.
Griffin, 517 So.2d at 670. Consequently, the defendant has the right to be present and have assistance of counsel at the new sentencing hearing. Id. Tumblin, 965 So.2d. at 354. Mullins' new sentencing hearing is a critical stage of the proceedings, and due process requires he be present and assisted by counsel.
Accordingly, we reverse Mullins' sentence and remand to the trial court with directions to conduct a new sentencing hearing with Mullins present and with the assistance of counsel.
COPE and RAMIREZ, JJ., concur.
SHEPHERD, J., concurring, in part, and dissenting, in part.
For the reasons set forth in my dissent in our initial opinion on Motion for Rehearing, filed on October 24, 2008, I continue to maintain there was no Clines[2] error in this case. Based upon new points raised by both the State and Mullins since October 24, 2008, I now agree that Mullins is entitled to a new sentencing hearing.
This is our third opinion issued in this case. Our initial opinion, issued on July 19, 2006, found no error in the trial court's denial of Mullins' Motion to Correct Illegal Sentence. On October 24, 2007, we granted Mullins motion for rehearing and ordered that his written sentencing order be "correct[ed] ... by deleting the habitual felony offender designation." See Mullins v. State, 970 So.2d 376, 377 (Fla. 3d DCA 2007). This opinion has drawn fire from both the State and Mullins.
The Statenow anticipating that our decision may enable Mullins to skirt any enhancement of his sentencecalls our attention, for the first time, to State v. Hearns, 961 So.2d 211 (Fla.2007), which held that battery on a law enforcement officer, the crime on which Mullins' violent career criminal enhancement rests, is insufficient to support such an enhancement.[3] Mullins, in response, agrees but *446 argues that a new sentencing hearing is necessary. Because the trial court, in its oral pronouncement, apparently was of the misimpression that the defendant's habitual felony offender classification was an independent crime, I agree with Mullins that a new sentencing hearing is appropriate. See Tumblin v. State, 965 So.2d 354 (Fla. 4th DCA 2007).
NOTES
[1] By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:
CATEGORY SPECIAL PROVISION DESCRIPTION SPECIFICATION
Felony Offender The defendant is adjudicated a habitual felony offender and ----
 has been sentenced to an extended term in accordance with
 the provisions of Florida Statute 775.084(4). A minimum
 term as specified above must be served prior to release.
 The requisite findings by the court are set forth in a separate
 order stated on the record in open court.
Felony Offender The defendant is adjudicated a violent career criminal and 10 YEARS MINIMUM
 has been sentenced to an extended term in accordance with MANDATORY
 the provisions of Florida Statute 775.084(4). A minimum
 term as specified above must be served prior to release.
 The requisite findings by the court are set forth in a separate
 order or stated on the record in open court.

[2] Clines v. State, 912 So.2d 550 (Fla.2005)
[3] I do not fault the State for not calling this case to our attention until after we issued our most recent opinion. Hearns issued from the Florida Supreme Court on April 26, 2007, and became final on July 10, 2007. Hearns, 961 So.2d at 211. Although a notice of supplemental authority filed by either side would have been helpful to the Court, see Fla. R.App. P. 9.225, the respective rehearing motions were both under submission here.