ON MOTION FOR REHEARING

PER CURIAM.
This cause is before us on the State’s motion for rehearing or rehearing en banc. We deny the motion for rehearing en banc, but grant rehearing, withdraw the opinion issued on July 8, 2009, and substitute the following.
The appellant challenges the trial court’s summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850, in which the appellant claimed that: (1) the trial court improperly resentenced him without allowing him or his attorneys to be present and argue for an appropriate sentence; (2) his sentence violated the prohibition against double jeopardy; and (3) his attorneys provided ineffective assistance of counsel. We affirm the trial court’s summary denial of the appellant’s second and third claims without further discussion. However, we reverse and remand the trial court’s summary denial of the appellant’s first claim.
While the State did not file charges under the 10/20/Life statute, at sentencing, both parties and the court believed that the 10/20/Life minimum mandatory sentence applied. Thus, while trial counsel argued for a downward departure for youthful offender status, which the court rejected, counsel never argued, and the court never considered, any other appropriate sentence. The court then erroneously sentenced the appellant to concurrent minimum mandatory sentences of 10 years. Subsequently, the appellant notified the trial court of its mistake and the court, without the appellant’s presence or that of his counsel, amended the sentence *1236 to strike the mandatory minimum, but otherwise kept the sentences of 10 years’ imprisonment.
A defendant has the right to be present and represented by an attorney at resentencing. See McGough v. State, 876 So.2d 26, 26 (Fla. 1st DCA 2004); Bines v. State, 837 So.2d 1146, 1147 (Fla. 1st DCA 2003). Although the State argues that the striking of the minimum mandatory term was merely ministerial and did not require the presence of the appellant or his counsel, we conclude otherwise and determine that further proceedings are warranted. See McGough, 876 So.2d at 26; see also Mullins v. State, 997 So.2d 443, 444 (Fla. 3d DCA 2008).
We accordingly reverse the summary denial of the appellant’s first claim and remand for resentencing in the presence of the appellant and his counsel.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BARFIELD, DAVIS, and ROBERTS, JJ., concur.