CRENSHAW, Judge.
Juan C. Acosta filed a motion to correct an illegal sentence pursuant to Florida *1180 Rule of Criminal Procedure 3.800(a). The trial court granted the motion and summarily resentenced Acosta. Because Acosta’s resentencing was not a ministerial act, the trial court erred by conducting the resentencing without the presence of Acosta or his counsel.
In 2003, Acosta pleaded no contest to trafficking in cocaine in the amount of four hundred grams or more, possession of cannabis in the amount of twenty grams or more, and possession of drug paraphernalia. The trial court adjudicated Acosta guilty and sentenced him to a suspended sentence of fifteen years in prison and two years of community control followed by thirteen years of probation for trafficking in cocaine, a concurrent suspended sentence of five years in prison and two years of community control followed by three years of probation for possession of cannabis, and time served for possession of drug paraphernalia.
Unfortunately, Acosta violated the terms of his community control in 2004 by imper-missibly moving to the Dominican Republic. Law enforcement returned Acosta to the United States in 2008, wherein the trial court conducted a revocation hearing in the presence of Acosta and his counsel. The trial court found Acosta in violation of his community control, adjudicated him guilty, and sentenced him to a mandatory minimum term of fifteen years in prison for trafficking in cocaine and five years in prison for possession of cannabis.
Acosta subsequently filed a motion to correct an illegal sentence pursuant to rule 3.800(a). The trial court granted his motion, finding that the mandatory minimum provision of his sentence was improper because the trial court failed to orally pronounce the mandatory minimum portion of his sentence back in 2003. See, e.g., Williams v. State, 957 So.2d 600, 605 (Fla.2007) (recognizing that “a discrepancy between oral and written sentence is cognizable in a rule 3.800(a) proceeding”). The trial court then resentenced Acosta to fifteen years in prison for trafficking in cocaine without the mandatory minimum requirement. However, the trial court did so without conducting a hearing where Acosta would have an opportunity to be present with counsel. Acosta argues this was error pursuant to Cross v. State, 18 So.3d 1235 (Fla. 1st DCA 2009). The State concedes error.
A defendant has a right to be present and to be represented by counsel at any resentencing proceeding from a rule 3.800(a) motion except when it concerns issues that are purely ministerial in nature. See Rivers v. State, 980 So.2d 599, 600 (Fla. 2d DCA 2008); Bines v. State, 837 So.2d 1146, 1147 (Fla. 1st DCA 2003). However, where the resentencing is within the trial court’s discretion, the resentenc-ing is not purely ministerial, and a defendant is entitled to be present at the hearing. See Mullins v. State, 997 So.2d 443, 445 (Fla. 3d DCA 2008).
In Cross, the trial court entered an amended sentence striking the mandatory minimum terms of Cross’ ten-year sentences while keeping the length of his ten year sentences otherwise intact. Cross, 18 So.3d at 1235-36. This occurred without Cross’ presence or that of his counsel. Id. at 1235. The First District determined that the striking of the minimum mandatory term was not ministerial and further proceedings were warranted. Id. at 1236.
Here, the record reflects Acosta’s counsel requested at the 2008 community control hearing that Acosta be sentenced to a term of less than fifteen years, but the trial court noted it lacked the discretion to sentence him to anything less than fifteen years because of the mandatory minimum requirements. However, the trial court’s *1181 sentencing discretion was restored with the removal of the mandatory minimum term, and the resentencing was no longer a ministerial act. Accordingly, we find the trial court’s decision to resentence Acosta without his presence or his counsel’s presence was error, and we remand for further proceedings consistent with this opinion.
Reversed and remanded.
KELLY and YILLANTI, JJ., Concur.