ORFINGER, J.
 

 Petitioner, Andrew Preston, seeks a belated appeal of his sentence entered at his July 30, 2010, resentencing hearing.
 
 See
 
 Fla. R.App. P. 9.141(c).
 

 Petitioner claims that he was not represented at the hearing, and that as a result of this lack of representation, he was deprived of the advice of counsel regarding his right to appeal. Because the State does not dispute Petitioner’s assertion that counsel did not appear at the resentencing hearing, we grant the instant petition.
 
 See Rosado v. State,
 
 864 So.2d 533, 534 (Fla. 5th DCA 2004) (“After reviewing the petition, and the state’s response, we find the state has no ‘good faith basis’ to request an evidentiary hearing.”). Furthermore, a re-sentencing hearing is a critical stage in criminal proceedings at which Petitioner has the right to assistance of counsel.
 
 See Jones v. State,
 
 35 So.3d 69 (Fla. 1st DCA 2010);
 
 Davis v. State,
 
 800 So.2d 336 (Fla. 4th DCA 2001). Because counsel was not present, we elect to grant Petitioner a belated appeal, summarily reverse the trial court’s sentencing order, and remand the matter for a new sentencing hearing. Petitioner shall be represented by counsel at resentencing. Under the circumstances of this case, further review of Petitioner’s resentencing order would constitute an unnecessary waste of judicial resources.
 

 PETITION GRANTED; REVERSED AND REMANDED.
 

 GRIFFIN and EVANDER, JJ., concur.