ON MOTION FOR CLARIFICATION

WELLS, Judge.
The appellee has filed a motion for clarification in connection with the opinion issued by this Court on June 19, 2013. We grant clarification, withdraw our previous opinion, and substitute this corrected opinion in its stead.

CONFESSION OF ERROR

Excellus 0. Hyland appeals from an order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The defendant asserted that his sentence should be vacated because the State erroneously included subsequent crimes as prior offenses in calculating his scoresheet. The State conceded the defendant was correct as to the miscalculations, but argued the circumstances surrounding his conviction were aggravating factors that could be taken into account to impose an upward departure at resentencing. Rather than conduct a new sentencing hearing, the trial court entered the order on appeal, accepting the State’s position, and denying defendant’s Rule 3.800 motion. Here, the defendant argues the trial court erred in resentenc-ing him without conducting a full sentencing hearing.
We agree. As set out in Mullins v. State, 997 So.2d 443, 445 (Fla. 3d DCA 2008):
A defendant will receive a new sentencing hearing if the resentencing involves additional consideration or sentencing discretion, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence. Griffin v. State, 517 So.2d 669 (Fla.1987); McGough v. State, 876 So.2d 26 (Fla. 1st DCA 2004). Although striking the violent career criminal designation is a ministerial act, here the entire fifteen year sentence must be vacated, and Mullins must be resentenced with an entire new written sentence. See Tumblin v. State, 965 So.2d 354 (Fla. 4th DCA 2007); State v. Arduengo, 609 So.2d 651 (Fla. 2d DCA 1992). This new written sentence will involve sentencing *647 discretion, and as such, requires a new hearing.
Additionally:
[T]he pronouncement of sentence upon a criminal defendant is a critical stage of the proceedings to which all due process guarantees attach, whether the sentence is the immediate result of adjudication of guilt or, as here, the sentence is the result of an order directing the trial court to re-sentence the defendant.
Griffin, 517 So.2d at 670. Consequently, the defendant has the right to be present and have assistance of counsel at the new sentencing hearing. Id. Tumblin, 965 So.2d at 354.
Accordingly, based on the State’s proper confession of error, we reverse Hyland’s sentence and remand to the trial court with directions to conduct a new sentencing hearing with Hyland present and with the assistance of counsel.