PER CURIAM.
On appeal, Appellant raised two issues. First, Appellant asserted that the trial court erred in revoking his probation. Alternatively, Appellant argues that the trial court erred in resentencing him, following the probation revocation and after granting his 3.800 motion, when Appellant and his counsel were not present at the hearing. The State properly concedes that Appellant had a right to be present at a resentencing hearing pursuant to a successful 3.800(b) motion. See Cross v. State, 18 So.3d 1235, 1236 (Fla. 1st DCA 2009); see also McGough v. State, 876 So.2d 26, 26 (Fla. 1st DCA 2004).
REVERSED and REMANDED for re-sentencing.
THOMAS, MARSTILLER, and MAEAR, JJ., concur.