PER CURIAM.
Malcolm Durkee appeals an order denying his rule 3.800(a) motion to correct illegal sentence. He argues his sentence is illegal under Clines v. State, 912 So.2d 550 (Fla.2005), because he was sentenced under multiple recidivist categories in a single count. We affirm because the trial court applied only one of the recidivist categories to his sentence.
The appellant was charged with three third-degree felonies. Upon appellant’s entry of a negotiated plea, the trial court sentenced him in count one to 75 months’ imprisonment and designated him as a habitual felony offender (HFO), a habitual violent felony offender (HVFO), and a violent career criminal (VCC). In counts two and three, the court sentenced him to a *190 concurrent five years without any enhancements.
The trial court imposed no mandatory minimum term under either the HVFO or VCC designation on appellant’s written sentence, notwithstanding the option to do so under the HVFO provision (“may sentence”) and the requirement to do so under the VCC provision (“shall sentence”). See § 775.084(4)(b), (4)(d), Fla. Stat. (2014). For example, the HVFO provision on the written sentence states: “A minimum term of 0 year(s) must be served prior to release.” The VCC provision likewise states: “A minimum term of 0 year(s) must be served prior to release.” Finally, the disposition order provides:
(X) Habitual Violent Offender mandatory minimum 0 years Cts_
(X) Violent Career Criminal mandatory minimum 0 years Cts_
[[Image here]]
(X) Habitual Offender Ct(s) I
Accordingly, the trial court did not sentence appellant under multiple recidivist categories for a single crime.
The instant case is factually distinguishable from Clines, where the Florida Supreme Court held that “subsection 775.084 permits the application of only one recidivist category to [a] defendant’s sentence.” 912 So.2d at 560 (quashing the denial of a rule 3.800(b)(2) motion). Unlike appellant, the defendant in Clines was sentenced as a HFO and, in addition, received a mandatory minimum term as a VCC. Id. at 554; cf. Mullins v. State, 970 So.2d 376, 376-77 (Fla. 3d DCA 2007) (applying Clines to a rule 3.800(a) motion and remanding for the HFO designation to be stricken, where trial court orally sentenced defendant to “fifteen years with a ten-year minimum mandatory as a violent career criminal ... as well as a concurrent ten-year sentence as a habitual violent felony offender”), reh’g granted, 997 So.2d 443, 444 (Fla. 3d DCA 2008) (vacating entire sentence and remanding for resentencing because panel concluded that Mullins did not qualify as a VCC).
In contrast to the foregoing cases, appellant has not shown that the trial court applied anything but his HFO designation to his sentence. A sentence of 75 months on a third-degree felony falls within the maximum authorized by law for an HFO. See § 775.084(4)(a)3., Fla. Stat. (2014). Appellant does not allege he fails to qualify as an HFO. Therefore, his sentence is lawful.

Affirmed.

GROSS, DAMOORGIAN and FORST, JJ., concur.