HAWKES, C.J.
 

 In this consolidated appeal, Appellant challenges his resentencing in both of the underlying cases because he was not afforded counsel in either resentencing hearing. Resentencing is a critical stage of a criminal proceeding in which the full panoply of due process considerations attach, including the appointment of counsel.
 
 See State v. Scott,
 
 439 So.2d 219, 220 (Fla.1988);
 
 Gonzalez v. State,
 
 838 So.2d 1242, 1243 (Fla. 1st DCA 2003). In situations such as here, where a defendant is denied counsel during a resentencing hearing held to correct a judicial error, the trial court commits fundamental error.
 
 See Nickerson v. State,
 
 927 So.2d 114, 117 (Fla. 2d DCA 2006).
 

 Accordingly, we VACATE Appellant’s sentence in both cases and REMAND for resentencing, with the direction that the trial court use a proper scoresheet during resentencing. On remand, the trial court has the authority in both cases to impose any sentence permitted by law, including the term originally imposed during the challenged resentencing.
 

 BENTON and LEWIS, JJ., concur.