COHEN, J.
Jimmy Lee Mahone appeals from a re-sentencing after the trial court set aside his Prison Releasee Reoffender designation, pursuant to State v. Huggins, 802 So.2d 276 (Fla.2001). Mahone was convicted in 2000 of burglary of an unoccupied dwelling. He filed a motion to correct illegal sentence which the trial court properly granted. Mahone was then transported back to Orange County where he was resentenced. Although it is difficult to discern specific errors in Mahone’s pro se appeal, he does raise one error that renders the remaining issues moot. Mahone asserts the trial court érred in failing to appoint counsel for his resentencing. We agree and reverse.
At all times through trial and the initial appeal, Mahone was found insolvent and appointed counsel.[1] The order granting his Florida Rule of Criminal Procedure 3.800(a) motion specifically found Mahone entitled to counsel. It further stated, “Should he [Mahone] desire the appointment of counsel, he must submit an application for a determination of indigent status.” The record does not reflect whether Mahone filed such an application.
Section 27.52(1), Florida Statutes, requires that “a person seeking appointment of a public defender ... based upon an inability to pay must apply to the clerk of the court for a determination of indigent status....” At the initial stages of a criminal prosecution, this is routinely accomplished. It is more complicated when the defendant is housed within the ,Department of Corrections outside the milieu of the trial court. The better practice, when such an application is not filed as directed, would be to set a status conference once the defendant is returned to the jurisdiction of the trial court to address the requirements of section 27.52(1).
In this case, Mahone specifically sought appointment of counsel as part of his request for resentencing. An indigent defendant is entitled to appointed counsel at resentencing after prevailing on a rule 3.800 motion. Wells v. State, 789 So.2d 1092, 1093 (Fla. 2d DCA 2001). Additionally, the resentencing order and trial court minutes are devoid of a Faretta[2] inquiry. This is required before proceeding to re-sentencing without the benefit of counsel. See Chestnut v. State, 578 So.2d 27, 28 (Fla. 5th DCA 1991).
This court further .notes that following resentencing, apparently still without the required application for determination of indigency status, the trial court found Mahone insolvent for purposes of appeal, yet refused to appoint counsel. The State concedes error. See Libretti v. State, 854 So.2d 804, 804 (Fla. 2d DCA 2003). This is not a case where the record reflects a waiver of counsel or a refusal to complete the required affidavits of insolvency. Accordingly, we reverse and remand for a new sentencing hearing.
REVERSED AND REMANDED.
ORFINGER, J., concurs.
GRIFFIN, J., concurs specially, with opinion.

. The Office of the Public Defender initially represented Mahone. After .a conflict was discovered, that office withdrew, and replacement counsel was appointed.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).