EVANDER, J.
Andre Frison [“Frison”] appeals the sentence that was imposed upon resen-tencing, arguing that he was not provided the proper credit for time served. We reverse and remand for an evidentiary hearing.
Frison was sentenced in 1989 to life in prison for sexual battery with a deadly weapon pursuant to section 794.011(3), Florida Statutes (1987).[1] In 2011, he filed a rule 3.800 motion to correct illegal sentence, contending that pursuant to Graham v. Florida, — U.S. —, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), his life sentence was illegal.[2] The State agreed that because Frison was a juvenile at the time he committed the charged offense, Gra *1253 ham applied, making his life sentence without the possibility of parole an illegal sentence. After granting Frison’s motion, the trial court sentenced him to forty years in prison followed by one year community control and life probation. We reversed and remanded for a new resentenc-ing hearing because the trial court had failed to appoint counsel for Frison for the resentencing portion of the hearing. Frison v. State, 76 So.3d 1103 (Fla. 5th DCA 2011).
At the onset of the most recent resen-tencing hearing, Frison’s counsel asserted that after consideration of gain time, Fri-son had already served forty years in prison. Although the State did not dispute such allegation, no stipulation or evidence was presented to the trial court to establish the amount of credit Frison was entitled to receive for time already served in prison. At the conclusion of the hearing, the trial court imposed a sentence of thirty-five years in prison followed by six months community control and four and one-half years probation.[3] Frison was awarded thirty-five years credit for time served.
If Frison was entitled to receive forty years credit, then he has completed his sentence. However, from the record provided, we cannot determine whether Frison’s claim is accurate or not. Accordingly, we reverse and remand for an evidentiary hearing to determine the proper amount of credit that Frison is entitled to receive for time served.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.

. The 1987 version of section 794.011 provided:
A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious bodily injury is guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Pursuant to section 775.082(3), Florida Statutes (1987), a defendant convicted of a life felony committed on or after October 1, 1983 could be sentenced to “a term of imprisonment for life or by a term of imprisonment not exceeding 40 years.”

. In Graham, the United States Supreme Court held that “the Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who does not commit homicide." 130 S.Ct. at 2034.

. The trial court subsequently terminated the community control portion of Frison’s sentence.