# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2337
Lower Tribunal No. 09-34892
_____

**Keith Thompson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina M. Miranda, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.

Before WELLS, EMAS, and LOGUE, JJ.

LOGUE, J.

Defendant, Keith Thompson, seeks review of the trial court's order revoking his probation and sentencing him to fifteen years in state prison. We affirm the probation revocation, but we reverse on two points regarding the basis for the revocation and remand for resentencing.

In August 2010, the defendant was charged with possession of a knife by a convicted felon. As a habitual felony offender, he was facing a sentence ranging from 71.7 months to 30 years in prison. He entered a plea to complete a six-month behavior modification program at the Spectrum residential care facility to address his bipolar disorder and serve three years of probation.

In late 2010, the defendant absconded from the Spectrum program. When he was taken back into custody, his probation was modified and his participation in the Spectrum program was extended to eighteen months. After approximately thirteen months in the program, the defendant was charged with violating his probation again, this time by a) threatening two Spectrum staff members, one of whom was his therapist, with violence, b) having a knife found under the dresser drawer in his room, c) being discharged from the Spectrum program due to his acts of aggression to others by threats of bodily harm, and d) changing his residence without first receiving consent from his probation officer.

The trial court held a probation violation hearing on July 16, 2013, where the court heard live testimony from witnesses including the appellant, his probation

officer, his therapist, and the other Spectrum staff member he had allegedly threatened. At the hearing, evidence was admitted into the record indicating that the defendant had further violated the rules of Spectrum, and therefore his probation, by attempting to bring into the facility some medicines and more cash than allowed. The trial court revoked the appellant's probation, finding as follows:

> I do find that there was a willful violation on the first three allegations that defendant violated the rules of Spectrum and specifically the cardinal rules of Spectrum where he did abide by all the rules that he was presented and oriented to as well as provided a copy of for thirteen months, so his act in conformity at that times [sic] shows him being aware of those rules and first [sic] allegation is that he violently threatened physical harm to a Spectrum member. That is violation [sic] of Spectrum's cardinal rule **and the second there was a knife found in his room in violation of the rules of Spectrum** and the third - - - then on the third that he violently threatened physical harm on a second staff member . . . .

> In addition, he acted in conformity to what he should have done in this program by going to vent at his therapist, but he did above and beyond that and he violated the rules in [sic] how to vent. There was something else, he also failed to comply with the rules of Spectrum, **when he brought in more money than he was permitted, to which [sic] were the rules that he was to comply with, as well as an item that he was not permitted to have**. That in and of itself might not have been a violation that was sufficient, **but all of it together is how I'm finding that he violated the rules of Spectrum**, which is sufficient to violate his probation.

(emphasis added). The trial court then reset the case for sentencing and, at the August 27, 2013 hearing, which included testimony from a neuropsychologist, sentenced the defendant to fifteen years in prison. The defendant appealed.

3

We review the trial court's ruling on a revocation of probation for abuse of discretion. State v. Carter, 835 So. 2d 259, 262 (Fla. 2002); Harris v. State, 898 So. 2d 1126, 1127 (Fla. 3d DCA 2005). In order for a trial court to revoke a defendant's probation, the alleged violation of the probation must be both willful and substantial. Lawson v. State, 969 So. 2d 222, 230 (Fla. 2007).

Here, one of the grounds cited by the court for revoking the defendant's probation was the finding that he had a knife in his room in violation of Spectrum's rules. Specifically, the violations of probation cited in the probation violation affidavit included:

> Violation of Special Condition of the Order of Probation, furthermore by failing to participate and or complying within the residential program, Spectrum, in that, on October 5, 2012, during the search of subject's room, after his violent behavior, a knife was found hidden under the dresser drawer, and as grounds for belief that the offender violated his probation because he did not follow the rules and regulations of this program **by having a weapon in his possession**.

(emphasis added). The defendant was not found in actual possession of the weapon, and as such, the onus was on the State to establish constructive possession. Gonzalez v. State, 832 So. 2d 898, 899 (Fla. 3d DCA 2002). "To prove constructive possession, the State must present competent, substantial evidence of the accused's knowledge of the presence of contraband and his or her ability to exercise dominion and control over it." Jennings v. State, 124 So. 3d 257, 262 (Fla. 3d DCA 2013)(citing Reynolds v. State, 983 So. 2d 1192, 1194 (Fla. 3d DCA

2008)). Furthermore, "[m]ere proximity to contraband, without more, is legally insufficient to prove possession." Johnson v. State, 456 So. 2d 923, 924 (Fla. 3d DCA 1984).

The knife was found in the defendant's dormitory room, but it was not in plain view. It was located in the recessed area under the drawer used by the defendant which could be accessed only by removing the drawer from its tracks. At the time the knife was discovered, the defendant was the only occupant of the room. The dormitory room could house six residents, however, and at one point had five occupants, including the defendant. Moreover, the room did not have a lock and could be entered by other residents living in other rooms. The drawer also did not have a lock. No evidence of fingerprints on the knife was entered into evidence. Among other defects, these facts do not establish that the defendant had knowledge of the knife. See Brown v. State, 8 So. 3d 1187, 1188-89 (Fla. 4th DCA 2009); Earle v. State, 745 So. 2d 1087, 1090-91 (Fla. 4th DCA 1999). Because constructive possession was not established, the trial court erred in using the possession of the knife as a basis for revoking the defendant's probation.

The trial court also appears to have based the revocation of probation, at least in part, on the defendant bringing an amount of money higher than what was allowed into the facility and for being in possession of an over-the-counter topical medication which was not permitted. The court acknowledged that these alleged

5

infractions "in and of itself might not have been a violation that was sufficient, but all of it together is how I'm finding that he violated the rules of Spectrum, which is sufficient to violate his probation." It is undisputed that the possession of money and the over-the-counter medication were not charged in the affidavit, and as such, the trial court was not permitted to revoke the defendant's probation based upon this conduct. Wells v. State, 60 So. 3d 551, 553 (Fla. 1st DCA 2011); Richardson v. State, 694 So. 2d 147 (Fla. 1st DCA 1997) ("The revocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law.").

Based upon the foregoing, we affirm the revocation of probation as to the threats of violence made by the defendant and his failure to complete the Spectrum program, because we find no abuse of discretion in the trial court's finding that the defendant violated his probation as to those allegations. However, we reverse as to the possession of the knife, the possession of money in an amount higher than allowed at the Spectrum facility, and possession of the over-the-counter topical medication. Because we reverse two of the grounds for the sentence, and one of those grounds, possession of the knife, was substantial, we vacate the sentence and remand for resentencing, as it is unclear from the record whether the trial court would have imposed the same sentence on the remaining violations. See Gray v.

State, 40 Fla. L. Weekly D1700 (Fla. 3d DCA July 22, 2015); Secure v. State, 432

So. 2d 630 (Fla. 3d DCA 1983).

Affirmed in part, reversed in part, and remanded.