PER CURIAM.
Appellant Sasha Bowen was convicted of second degree murder. He now appeals his sentence of “life in prison ... with the possibility of parole” and the denial of his motion to disqualify the trial court judge. We agree with Appellant that his sentence is not one recognized by law and accordingly reverse for resentencing. We affirm on all other issues, raised in the appeal.
Background
Appellant and two other men conspired to rob a young man. During the course of the robbery, the victim was shot and killed. . A jury found Appellant guilty of second degree murder and made specific factual findings that Appellant neither possessed nor used a firearm, and that he was not the actual cause of the victim’s death.
Appellant’s scoresheet called for a minimum sentence of 21.6 years with a maximum of, life, in prison. The trial court announced a sentence of life in prison without parole, but the State interjected, arguing that the life sentence “has to be with the possibility of parole.” The trial court accordingly modified Appellant’s sentence to include the possibility of parole.[1] This appeal followed.
Analysis
Parole was eliminated in 1985 for noncapital felonies in the State of Florida. See § 921.002(l)(e), Fla. Stat. (2014) (“The provisions of chapter 947, relating to parole, shall not apply to persons sentenced under the Criminal Punishment Code.”); Washington v. State, 103 So.3d 917, 921 (Fla. 1st DCA 2012) (Wolf, J., concurring) (stating that parole was eliminated in 1985 for noncapital felonies and 1997 for capital felonies). It, is unclear how or why the State believed parole was required. Regardless, it is clear that Appellant’s sentence is not one recognized by law and must be reversed.
“A defendant will receive a new sentencing hearing if the resentencing involves additional consideration or sentencing discretion, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence.” Jordan v. State, 143 So.3d 335, 339 (Fla.2014) (emphasis in. original) (quoting Mullins v. State, 997 So.2d 443, 445 (Fla. 3d DCA 2008)). In Jordan, like here, the trial court originally attempted to give the defendant the maximum penalty allowed at law. Id. at 336. The Florida Supreme Court noted that “although Jordan’s origi *569 nal sentence of life imprisonment appears to demonstrate the trial judge’s intent to sentence Jordan to the maximum allowable punishment, the judge was not obligated to maintain that same intent at resentencing.” Id. at 340. See also Frison v. State, 76 So.3d 1103, 1104-05 (Fla. 5th DCA 2011) (holding that resentencing a juvenile after his life sentence was overturned pursuant to Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), was not a ministerial task, but still involved discretion on the part of the trial court). In this case, like Jordan and Frison, the trial court will have the option to reconsider the Appellant’s sentence on remand. . We express no opinion as to what sentence the trial court should enter, as that determination is left to its sole discretion within the bounds of constitutional and statutory limitations.
Conclusion
Appellant’s sentence of life with the possibility of parole is presently not authorized under the laws of this state. We thus reverse and remand for resentencing.

Reversed, and Remanded.

CIKLIN, C.J., LEVINE and FORST, JJ., concur.

. The trial court modified the sentence of “life in prison ... without parole” to '“with the possibility of parole determined by the State of Florida and the Parole Commission. And the governor of the State of Florida. And the Clemency Board.”