IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WARREN L. OLIVER,

       Appellant,

 v.                                 Case No.  5D16-779

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed September 30, 2016

Appeal from the Circuit Court
for Seminole County,
Debra S. Nelson, Judge.

James S. Purdy, Public Defender, and
Steven N. Gosney, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


EVANDER, J.

      Warren Oliver appeals a resentencing order entered by the trial court after it

granted Oliver's motion to correct sentence.  We reverse because the trial court failed to

appoint or renew an offer of counsel to represent Oliver at the resentencing hearing.

Oliver was convicted in 1999 of two counts of sexual battery (Counts I and II), one count of aggravated battery (Count III), and one count of kidnapping (Count IV). He was sentenced as a habitual violent felony offender to lengthy concurrent incarcerative sentences on Counts I, II, and III. On Count IV, Oliver was sentenced as a habitual violent felony offender to a consecutive sentence of sex offender probation for life. On direct appeal, Oliver's convictions were per curiam affirmed. *Oliver v. State*, 781 So. 2d 1101 (Fla. 5th DCA 2001).

In a subsequent motion to correct illegal sentence, Oliver alleged that he could not be sentenced to a *consecutive* sentence on Count IV. The State agreed. *See*, *e.g.*, *West v. State*, 790 So. 2d 513, 514-15 (Fla. 5th DCA 2001) (holding that defendant's habitual offender sentence of ten years in prison on one count and consecutive five-year probationary term on separate count was illegal because consecutive habitual offender sentences for two offenses are improper where offenses arise out of single criminal episode); *Benjamin v. State*, 667 So. 2d 437, 437 (Fla. 2d DCA 1996) ("[T]he prohibition against consecutive habitual offender sentences applies to a sentence of imprisonment on one count, followed by a term of probation on another count arising from a single criminal episode.").

At the resentencing hearing, the trial court failed to appoint or renew an offer of counsel for Oliver and ordered that the lifetime probationary sentence on Count IV run concurrently with the prison sentences imposed on Counts I through III.[1]  Because

---

[1] Although not raised on appeal, we note that a defendant cannot be ordered to serve a prison sentence and a probationary term simultaneously. *See Cox v. State*, 468 So. 2d 437, 438 (Fla. 1st DCA 1995); *see also Benjamin*, 667 So. 2d at 437; *Mitchell v. State*, 654 So. 2d 265 (Fla. 2d DCA 1995).

Oliver's resentencing was not a ministerial act, he had a right to counsel. *See Frison v. State*, 76 So. 3d 1103, 1105 (Fla. 5th DCA 2011) (holding that, after trial court granted motion to correct illegal sentence, appellant had due process right to be represented by counsel at resentencing hearing because resentencing was not merely ministerial act, given that trial court had discretion to sentence appellant to up to forty years, and appellant was entitled to be heard on issues of community control and life probation).

REVERSED and REMANDED.

SAWAYA and WALLIS, JJ., concur.