# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2017.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-2629
Lower Tribunal No. 09-34892

————————————

**Keith Thompson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger and Natasha Baker-Bradley, Assistant Public Defenders, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before WELLS, LAGOA, and LOGUE, JJ.

LAGOA, J.

Keith Thompson ("Thompson") appeals from an order revoking his probation and sentencing him to fifteen years in state prison. We reverse and

remand with directions that Thompson be resentenced before another judge, at which Thompson must be present and represented by counsel.

I.    FACTUAL AND PROCEDURAL HISTORY

This same issue has been before this Court previously, and the underlying facts are set forth in that opinion. See Thompson v. State, 172 So. 3d 527 (Fla. 3d DCA 2015). Briefly, Thompson was sentenced to three years of probation and ordered to complete a behavior modification program at the Spectrum residential care facility. Thompson was charged with violating his probation by (a) threatening two Spectrum staff members, one of whom was his therapist, with violence; (b) having a knife under the dresser drawer in his room; (c) being discharged from the Spectrum program due to his acts of aggression to others by threats of bodily harm; and (d) changing his residence without first receiving consent from his probation officer. After a probation violation hearing, the trial court revoked Thompson's probation and sentenced him to fifteen years in prison. In revoking Thompson's probation, the trial court relied upon several grounds: threatening staff members with violence; the fact that a knife was found in Thompson's room in violation of the Spectrum rules; bringing an impermissible amount of money into the Spectrum facility; and being in possession of an over-the-counter topical medication which was not permitted. See id. at 529.

Thompson appealed the trial court's order revoking his probation and sentencing him to fifteen years in state prison. This Court affirmed the revocation

2

of probation, but "reverse[d] on two points regarding the basis for the revocation and remand[ed] for resentencing." Id. at 528. Specifically, this Court found that the State failed to prove that Thompson had constructive possession of the knife, and therefore the trial court erred in using the possession of the knife as a basis for revoking his probation. Id. at 530. Additionally, this Court found that the alleged infractions of possession of money and over-the-counter medication were not charged in the affidavit, and as such, the trial court was not permitted to revoke Thompson's probation based upon this conduct. Id. As a result, this Court affirmed the revocation of probation as to the threats of violence made by Thompson and his failure to complete the Spectrum program, but reversed

> as to the possession of the knife, the possession of money in an amount higher than allowed at the Spectrum facility, and possession of the over-the-counter topical medication. Because we reverse two of the grounds for the sentence, and one of those grounds, possession of the knife, was substantial, we vacate the sentence and **remand for resentencing**, as it is unclear from the record whether the trial court would have imposed the same sentence on the remaining violations. See Gray v. State, 170 So. 3d 890 (Fla. 3d DCA 2015); Secure v. State, 432 So. 2d 630 (Fla. 3d DCA 1983).

Id. (emphasis added).

A. August, 26, 2015, hearing—Thompson resentenced *in absentia* and without counsel prior to this Court's mandate

3

Prior to the issuance of this Court's mandate, the trial court held a hearing on August 26, 2015.[1] Although the assistant state attorney was present, neither Thompson nor his attorney were present at the hearing. The trial court stated that the case was on remand because

> the record wasn't clear if I was sentencing the defendant to the same sentence based on the violation, failing to complete the Spectrum and threatening the Spectrum staff members, the therapist without the information about bringing the additional medication in and the knife.

The trial court proceeded to resentence Thompson to fifteen years in prison:

> All of those reasons was why Spectrum kicked him out, but the violation was specifically that he failed to complete the Spectrum Program; that he was required as a special condition and kicked out of the program as well as the threats he made to the employees two different ones and that's what the sentence is based on. So he is resentenced today to the same sentence of the fifteen years. I want to clarify the thought process behind it.

B. September 2, 2015, hearing and Thompson's Motion to Set Aside Illegal Sentence

On September 2, 2015, the trial court conducted another hearing. The assistant public defender stated that Thompson's attorney of record was not aware that Thompson had been immediately resentenced after the issuance of Thompson, and asked to reset the hearing. The trial court responded that "[w]e didn't need the attorney to address it. It was for the court to clarify the sentence."[2]

---

[1] This Court's mandate in Thompson issued on August 28, 2015.

[2] At the September 2, 2015, hearing, the trial court stated that "someone stood in for [Thompson's attorney] from the Public Defenders [sic] Office" at the August 26, 2015, hearing. The record reflects no such appearance from the Public

On September 18, 2015, Thompson filed a motion to set aside illegal sentence. Thompson argued that the trial court did not have jurisdiction to resentence him on August 26, because as of that date, this Court's mandate had not yet issued. Thompson also argued that his absence from his resentencing deprived him of due process, and that he was entitled to counsel for his resentencing. Thompson requested that the trial court set aside the sentence imposed on August 26 and conduct a sentencing hearing in accordance with this Court's remand, and that he be present for such resentencing as it was not merely a ministerial act.

C. October 29, 2015, hearing—Thompson resentenced *in absentia* again, and in reliance on transcript of August 26, 2015, hearing

A hearing on the motion to set aside illegal sentence was held on October 29, 2015. The trial judge began the hearing by announcing that

> there was some confusion from the date of the mandate and it had not been issued yet and it was a bit premature. So, the last sentence imposed will be vacated, but I'm going to use the record from the last hearing to restate the issues and readdress the issues in the original motion.

Regarding Thompson's possession of the knife, money, and medication, the trial court stated:

> So, I didn't consider them in my sentence as additional violations. And that's why I clarified the sentence the last time it was here. The reason why I granted the vacate is because I didn't realize the date of the mandate and that the defendant wasn't here. Nobody made issue

---

Defender's Office, and the State properly concedes that the record reflects that no attorney appeared for Thompson at the August 26, 2015, hearing at which he was resentenced.

5

> of it and I sentenced him. So, **I clarified and resentenced him to the same thing and relying on the transcript of the last hearing as well as for my reasons and I'm going to resentence him today** to adjudication, fifteen years state prison as a habitual felony offender.

(emphasis added). Thompson's attorney argued that it was a violation of due process for the trial court to rely upon findings made at a hearing where neither Thompson nor his attorney were present. The trial court imposed a sentence of fifteen years state prison. This appeal ensued.

II.     ANALYSIS

"[O]ne of a criminal defendant's most basic constitutional rights is the right to be present in the courtroom at every critical stage in the proceedings." Jackson v. State, 767 So. 2d 1156, 1159 (Fla. 2000); accord Jordan v. State, 143 So. 3d 335 (Fla. 2014); Dunbar v. State, 89 So. 3d 901 (Fla. 2012). "This right extends to 'any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure.'" Jackson, 767 So. 2d at 1159 (quoting Kentucky v. Stincer, 482 U.S. 730, 745 (1987)). Indeed, a defendant's right to be present at sentencing is explicitly set forth in Florida Rule of Criminal Procedure 3.180(a)(9), which requires the defendant's presence "at the pronouncement of judgment and the imposition of sentence." The Supreme Court of Florida has extended a defendant's right to be present to resentencing hearings. Jordan, 143 So. 3d at 338; see also Dunbar 89 So. 3d at 907.

"A violation of the right to be present is subject to a harmless error analysis." Jordan, 143 So. 3d at 338; accord Smithers v. State, 826 So. 2d 916, 927 (Fla. 2002) (stating that violation of the right to presence is subject to harmless error analysis and that the proceeding "will only be reversed on this basis if 'fundamental fairness has been thwarted'" (quoting Kearse v. State, 770 So. 2d 1119, 1124 (Fla. 2000))). A defendant's absence at sentencing will be harmless error if the trial court is merely conducting a ministerial act, such as entering a written sentence where none exists or changing the written sentence to conform to the oral pronouncement of sentence. See Jordan, 143 So. 3d at 339; McGough v. State, 876 So. 2d 26 (Fla. 1st DCA 2004). "However, Florida's district courts have found that a resentencing in which a trial judge has *discretion* as to the new sentence is *not* a ministerial act and thus requires the defendant's presence." Jordan, 143 So. 3d at 339 (emphasis in original); see also Burgess v. State, 182 So. 3d 841, 842 (Fla. 4th DCA 2016) ("A resentencing at which the trial judge has judicial discretion is not a ministerial act, and thus Appellant's presence at resentencing here is required.").

The proceedings in the trial court on remand from this Court's directive in Thompson constitute error in several significant ways. First, the trial court misinterpreted this Court's opinion in Thompson as requiring only that it "clarify" whether the same sentence would have been imposed based upon the two remaining violations of probation, i.e., the threats of violence made by Thompson

7

and his failure to complete the Spectrum program.  On remand, this Court, however, specifically directed the trial court to resentence Thompson, not simply to clarify whether the same sentence would have been imposed.  See 172 So. 3d at 530 (stating that "we vacate the sentence and remand for resentencing").  As a result, due process considerations attached, and Thompson had a right to be physically present at his resentencing.  We cannot conclude that Thompson's absence was harmless error, especially given that our direction to resentence Thompson was based upon the fact that one of the grounds for Thompson's original sentence upon which this Court reversed—possession of a knife—was "substantial."  172 So. 3d at 530.

Second, the trial court compounded its error by resentencing Thompson in reliance upon the transcript from the August 26, 2016, hearing at which both Thompson and his counsel were absent.[3]  See Payne v. State, 38 So. 3d 827, 828 (Fla. 1st DCA 2010) ("[W]here a defendant is denied counsel during a resentencing hearing held to correct a judicial error, the trial court commits fundamental error."); see also Frison v. State, 76 So. 3d 1103, 1104 (Fla. 5th DCA 2011) (stating that full panoply of due process considerations apply at

[3] Although the trial court subsequently vacated the sentence initially imposed at the August, 26, 2015, hearing, we note that the trial court lacked jurisdiction to sentence Thompson on August 26 as this Court had not yet issued its mandate in Thompson.  See Tucker v. State, 633 So. 2d 1147 (Fla. 2d DCA 1994) (finding that trial court lacked jurisdiction to resentence defendant after successful appeal where trial court resentenced defendant prior to mandate being issued); see also Colonel v. Reed, 379 So. 2d 1297 (Fla. 4th DCA 1980).

resencing, including appointment of counsel); <u>Mullins v. State</u>, 997 So. 2d 443, 445 (Fla. 3d DCA 2008) ("[T]he defendant has the right to be present and have assistance of counsel at the new sentencing hearing.").

IV. <u>CONCLUSION</u>

Accordingly, we once again vacate the sentence entered by the trial court and remand for resentencing on the remaining violations of probation. "[B]ecause a resentencing is a new proceeding, the court is not limited by the evidence originally presented," and Thompson is entitled to a full, de novo sentencing hearing, at which time both sides may present new evidence and argument on the issue of a proper sentence. <u>State v. Collins</u>, 985 So. 2d 985, 989 (Fla. 2008); <u>accord</u> <u>Lucas v. State</u>, 841 So. 2d 380, 387 (Fla. 2003) ("[A] resentencing court is not limited by evidence presented (or not presented) in . . . the original . . . sentencing phase."). Thompson must be both present and represented by counsel at the resentencing hearing. We further direct that Thompson be resentenced before a different judge.

Reversed and remanded for resentencing.