DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD A. BAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3989

[ July 12, 2017 ]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 12-5496 CF10A.

Ronald A. Baker, Indiantown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Ronald Baker challenges the trial court's partial denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse and remand in part for resentencing on five counts.

Baker was sentenced on more than twenty-five counts associated with various sexually-based offenses. The trial court imposed four life sentences and terms of years on the other counts.

Through his rule 3.800(a) motion, Baker argued the sentencing scoresheet erroneously included victim injury points and that other terms were illegal. In responding to Baker's motion in the trial court, the State agreed that resentencing was required with a corrected scoresheet to eliminate victim injury points. The State cautioned Baker that resentencing with a corrected scoresheet could result in a lengthier term on one of the challenged counts, and the same life sentences on the other counts. *State v. Jimenez*, 173 So. 3d 1020, 1024 (Fla. 3d DCA 2015).

The trial court partially granted the motion and summarily resentenced Baker before it received a corrected scoresheet from the state. The court increased a term on one count and reimposed the life terms. Baker was neither present nor represented by counsel during the resentencing.

Baker now appeals, arguing that de novo resentencing was required with a corrected scoresheet and with him present with counsel. We agree. Consequently, we reverse and remand for the trial court to resentence Baker on counts one, two, three, eleven and twelve, with a corrected scoresheet. Further, Baker is to be present at the resentencing and represented by counsel. *Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014); *Bowen v. State*, 196 So. 3d 567 (Fla. 4th DCA 2016).

*Affirmed in part, Reversed in part, and Remanded with instructions.*

GERBER, C.J., TAYLOR and DAMOORGIAN, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***