# Third District Court of Appeal

**State of Florida**

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-344
Lower Tribunal No. 17-2137

_____

**M.P., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee.

Before SUAREZ, EMAS, and FERNANDEZ, JJ.

SUAREZ, J.

M.P., a juvenile, appeals from an Adjudicatory Order wherein the trial judge

found that M.P. committed trespass and criminal mischief as charged, withheld

adjudication of delinquency and placed her on probation.  We affirm the adjudicatory order on the charge of trespass; we reverse the adjudicatory order as to the charge of criminal mischief, and remand for a new adjudicatory hearing on the criminal mischief charge and for a new disposition hearing and order on the remaining trespass charge.

M.P. was charged with trespass and criminal mischief.  The victim, Mr. Yero, is the owner of a duplex trailer.  He rents the back unit of the trailer to M.P. and a co-tenant, while Mr. Yero's relatives live in the front unit of the trailer.  The front unit contained the air conditioning thermostat controls for both the front and the back units.  M.P. testified that, as part of an ongoing dispute, Mr. Yero's relatives in the front unit would repeatedly turn off the air conditioning to the entire trailer.  M.P. testified that on the day of the incident the air conditioning had been turned off and that her co-defendant, R.H., broke into the front unit of the trailer using a butter knife to gain entry through the door of that unit.  There was no evidence M.P. participated in the breaking open of the locked door.  M.P. admitted to entering the trailer after R.H. had forced open the door solely for the purpose of turning on the air conditioning unit.  M.P. testified that she did not go into any other part of the trailer.  She stated that she was aware of a burglary of the front unit two weeks earlier, but that she was not involved in that offense.  There was no evidence adduced that M.P. broke into the front trailer on the day in question or was involved in the burglary of the front unit two weeks prior.

Over defense objections, the trial court permitted the detective and victim to testify that the front unit of the trailer had been burglarized two weeks earlier and that some of the tenant's belongings had been stolen. The trial court also permitted Mr. Yero to testify, over defense objection, that "they" had broken the front door of the trailer two weeks prior to M.P.'s charged offense, and that he thought whoever broke in must have something to do with the back property tenants because he was trying to evict them. The defense argued that the testimony of the prior burglary was unconnected to and irrelevant to the current offense, and in addition impermissibly introduced evidence of an uncharged crime. At the conclusion of the bench trial, the court made the specific finding that M.P. entered the premises without permission, establishing the offense of trespass. The trial court did not make any findings on the record as to the criminal mischief charge nor did the trial court state whether or not the court considered the testimony of the prior burglary in arriving at the court's decision. The court denied M.P.'s motion for judgment of acquittal, found her delinquent on the charges of trespass and criminal mischief, withheld adjudication, and placed her on probation.

The issue on appeal is whether the trial court erred in overruling the objections to the admissibility of evidence of the prior burglary and, if so, whether the trial court considered that evidence in arriving at the final judgment. We conclude the trial court erred in allowing that evidence and failed to state whether or not it considered that evidence in forming the final judgment.

The State did not file a notice of intent to rely on an uncharged crime, pursuant to section 90.404(2)(a) and (d), Florida Statutes (2018), arguing there was no need as the evidence of the uncharged break-in and burglary constituted dissimilar fact evidence. Further, the State asserted it was not required to comply with that statute as the testimony of the prior burglary was intertwined with the charged offenses to the extent it adequately described the events leading up to the charged crimes, i.e., the animosity between the tenants and the fact that in both the prior and current offenses the air conditioning was turned off. However, it is only when it is impossible to give a complete or intelligent account of the charged crime without reference to uncharged crimes that evidence of those uncharged crimes is admissible. Wright v. State, 19 So. 3d 277, 292 (Fla. 2009); Griffin v. State, 639 So. 2d 966, 968 (Fla. 1994) (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)). In this case, there is absolutely no evidence connecting M.P. with the prior burglary, M.P. affirmatively denied any participation in that offense, there was no contrary evidence, and the charge of trespass could be explained and completely proven without any reference to the prior break-in. The testimony was simply not relevant to either of the charges against M.P. and should not have been admitted into evidence.

The State contends that the error, if any, was harmless as the trial court gave the inadmissible testimony no weight. We cannot presume the trial court disregarded the inadmissible testimony, however, where the trial court overruled

the objections to the testimony coming into evidence and then did not make an express statement on the record that the erroneously admitted evidence did not contribute to the final determination. Petion v. State, 48 So. 3d 726, 737 (Fla. 2010). The State is therefore unable to establish beyond a reasonable doubt that the improper admission of testimony referencing the prior burglary did not contribute to the finding of delinquency on the charge of criminal mischief.[1] We therefore reverse the adjudicatory order finding M.P. delinquent of the charge of criminal mischief, and remand for a new adjudicatory hearing on that charge. We affirm the finding of delinquency on the charge of trespass but remand for a new disposition hearing, as we cannot say from the record whether the trial court would have imposed the same disposition for the remaining charge of trespass. See, e.g., Thompson v. State, 172 So. 3d 527 (Fla. 3d DCA 2015); Gray v. State, 170 So. 3d 890 (Fla. 3d DCA 2015).

Affirmed in part, reversed in part and remanded.

---

[1] M.P. properly concedes that the error was harmless as to the trespass charge, given that M.P. confessed to the officers that she committed the trespass (and did not challenge that confession at the adjudicatory hearing). Further, a corroborating video introduced at the hearing showed R.H. breaking in to the door to the front unit, and M.P. later entering through that door.

5