PER CURIAM.
Richard Andrews (the defendant) appeals the trial court's order granting in part, and denying in part, his motion to correct illegal sentence filed pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. On appeal, the defendant argues that the trial court erred by granting relief but failing to conduct a resentencing proceeding. We agree and reverse.
The defendant filed the present rule 3.800(a) motion in which he asserted two grounds for relief. In ground two, the defendant challenged the habitual felony offender designation as to count one, burglary of a dwelling. The trial court denied ground one but granted relief on ground two. Without conducting a resentencing hearing, the trial court struck the habitual felony offender designation as to count one and reimposed a life term.
A defendant is entitled to be present and represented by counsel at any resentencing proceeding unless the resentencing involves only a ministerial act. See Thompson v. State, 208 So.3d 1183, 1187 (Fla. 3d DCA 2017). The relief granted by the trial court altered the total sentence points on the defendant's scoresheet and, under the sentencing guidelines in effect at the time of the offense, the court had discretion as to the new sentence it imposed upon the defendant. Thus, resentencing the defendant to a life term on count one did not involve a purely ministerial act. See Burgess v. State, 182 So.3d 841, 842 (Fla. 4th DCA 2016). Accordingly, the trial court was required to hold a full, de novo resentencing hearing before imposing a new sentence on count one, and the trial court's failure to hold such a hearing was error. See Branton v. State, 187 So.3d 382 (Fla. 5th DCA 2016).
Accordingly, we reverse and remand to the trial court for a formal resentencing hearing wherein the defendant is represented by counsel.
REVERSED and REMANDED.
COHEN, LAMBERT, and GROSSHANS, JJ., concur.