DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

EDNOL A. HANNA, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D20-2945

_____

September 29, 2021

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit
Court for Highlands County; Peter F. Estrada, Judge.

LABRIT, Judge

    Ednol A. Hanna, III, appeals the dismissal of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal

Procedure 3.850.  We reverse for further proceedings consistent

with this opinion.

## Background

In 2005, Mr. Hanna and three codefendants were convicted of robbery with a firearm and other related offenses stemming from a bank robbery. Mr. Hanna was a juvenile at the time of the offenses but was prosecuted and convicted as an adult. He was sentenced to life in prison for the charge of robbery with a firearm.

On direct appeal, this court affirmed Mr. Hanna's conviction and sentence. *Hanna v. State*, 963 So. 2d 236 (Fla. 2d DCA 2007) (table decision). Thereafter, he filed his first motion for postconviction relief, which was denied after an evidentiary hearing in 2011. Mr. Hanna appealed that decision and this court affirmed. *Hanna v. State*, 132 So. 3d 887, 887 (Fla. 2d DCA 2014). Eventually, pursuant to *Graham v. Florida*, 560 U.S. 48 (2010), Mr. Hanna filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. The motion was granted, and Mr. Hanna was resentenced to a term of forty years in prison with a review after twenty years pursuant to sections 921.1402(2)(d) and 775.083(3)(c), Florida Statutes (2018). Mr. Hanna did not appeal. Instead, he filed a motion for postconviction relief, alleging that his counsel was ineffective during his resentencing hearing. The

postconviction court dismissed the claim as not cognizable under Florida law and untimely. Mr. Hanna then filed the current appeal.

## Standard of Review

An appellate court reviews de novo a trial court's legal conclusions made in ruling on a postconviction motion. *Nelson v. State*, 43 So. 3d 20, 28 (Fla. 2010); *see also Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the [defendant] is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.").

## Analysis

### Cognizable Claim

The postconviction court first reasoned that Mr. Hanna's claims were not cognizable under Florida law because a defendant "has no constitutional right to effective collateral counsel." *See Zack v. State*, 911 So. 2d 1190, 1203 (Fla. 2005). As a general proposition this is correct. *See id.* ("[C]laims of ineffective assistance of postconviction counsel do not present a valid basis for relief."). However, "[i]neffective assistance of postconviction counsel

3

is not a cognizable claim in Florida, *because there is no constitutional entitlement to the appointment of postconviction counsel.*"  *Netting v. State,* 129 So. 3d 429, 432 (Fla. 1st DCA 2013) (emphasis added); *see also Kokal v. State,* 901 So. 2d 766, 777 (Fla. 2005) ("Because Kokal does not possess a constitutional right to postconviction counsel, and further, because we have refused to recognize claims of ineffective assistance of postconviction counsel, Kokal's claim regarding the ineffectiveness of counsel's representation of Kokal during his first postconviction litigation was properly summarily denied.").

By contrast, the Sixth Amendment "guarantees the right to effective assistance of counsel at all critical stages of a criminal prosecution."  *Taylor v. State,* 87 So. 3d 749, 758 (Fla. 2012). "Trial, sentencing[,] and direct appeal are all critical stages at which a defendant is entitled to counsel."  *Padgett v. State,* 743 So. 2d 70, 72 (Fla. 4th DCA 1999) (citing *Smith v. State,* 590 So. 2d 1078, 1078 (Fla. 2d DCA 1991)).  This is true "whether the sentence is the immediate result of adjudication of guilt or, as here, the sentence is the result of an order directing the trial court to resentence the defendant."  *See Griffin v. State,* 517 So. 2d 669, 670 (Fla. 1987).  At

4

resentencing, "the full panoply of due process considerations attach, including the appointment of counsel." *Payne v. State*, 38 So. 3d 827, 828 (Fla. 1st DCA 2010). This includes entitlement to counsel at resentencing after prevailing on a rule 3.800 motion. *See Mahone v. State*, 39 So. 3d 1278, 1279 (Fla. 5th DCA 2010).

Thus, the general prohibition on claims of ineffective assistance of postconviction counsel is not applicable to Mr. Hanna's situation. Counsel who represents a defendant at resentencing following a successful postconviction motion is not "collateral counsel" and is subject to the same constitutional strictures as trial counsel. Consequently, Mr. Hanna has raised a cognizable claim for postconviction relief, and the postconviction court erred by dismissing the motion on this ground.

**Timeliness**

The postconviction court alternatively dismissed Mr. Hanna's motion as untimely. This calculation of time was based on the underlying conviction, which occurred more than two years ago. *See* Fla. R. Crim. P. 3.850(b) (providing a time limit of two years "after the judgment and sentence become final"). Yet, as stated above, resentencing is a new proceeding. *See State v. Collins*, 985

So. 2d 985, 989 (Fla. 2008). Therefore, the calculation of time for the 3.850 motion should begin with the resentencing hearing—the source of the allegedly ineffective assistance. When no appeal is filed, a "judgment and sentence do not become 'final' for purposes of . . . rule [3.850] until the thirty-day period for filing an appeal expires." *Mingo v. State*, 790 So. 2d 1164, 1164 (Fla. 2d DCA 2001). Because Mr. Hanna did not appeal his new sentence, it became final thirty days after it was imposed.

The postconviction court misapprehended the distinction and relied upon cases that are procedurally distinguishable from this one. *See, e.g.*, *Gillis v. State*, 32 So. 3d 681, 682 (Fla. 2d DCA 2010) (holding that resentencing from a successful rule 3.800 motion did not toll the time for a rule 3.850 motion *attacking the defendant's underlying convictions*); *O'Neill v. State*, 6 So. 3d 630, 630 (Fla. 2d DCA 2009) (same); *Marrero v. State*, 967 So. 2d 934, 936 (Fla. 2d DCA 2007) (same). Because Mr. Hanna's claims are not directed to his underlying conviction but instead challenge his counsel's performance at his resentencing, Mr. Hanna's motion was timely. Consequently, the postconviction court erred by dismissing the motion on this ground.

In summary, the postconviction court erred by dismissing the motion as not cognizable and untimely.  The court should have addressed the merits of the claims, and we reverse and remand for it to do so.  *See, e.g., White v. State*, 298 So. 3d 694, 695 (Fla. 2d DCA 2020).

Reversed and remanded with instructions.

VILLANTI and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.